UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**Case No:**

THE SPEARMINT RHINO COMPANIES
WORLDWIDE, INC.,

    Plaintiff,

vs.

RHINO HOLDINGS, INC., D/B/A
RHINO DOUGHNUTS AND COFFEE AND

RHINO BOCA RATON LLC D/B/A
RHINO DOUGHNUTS,

    Defendants.
_____/

**COMPLAINT**

Plaintiff, Spearmint Rhino Companies Worldwide, Inc., sues Defendants Rhino Holdings, Inc. and Rhino Boca Raton, LLC and states:

NATURE OF THE ACTION

1.    This is a civil action for Trademark Infringement under 15 U.S.C. §1114 and Unfair Competition under 15 U.S.C. § 1125(a).

THE PARTIES

2.    Plaintiff, The Spearmint Rhino Companies Worldwide, Inc. ("SRCW"), is a Nevada Corporation having a principal place of business at 1875 Tandem Way, Norco, California 92860. SRCW operates a chain of adult nightclubs with associated restaurant and bar services in the United States, the United Kingdom, and Australia.

3.    On information and belief, defendant Rhino Holdings, Inc. is a Florida corporation that operates under the name "Rhino Doughnuts and Coffee" and has a place of

- 1 -

business at 5454 NW Court, Tamarac, Florida 33319. Davin Tran is the listed registered agent for Rhino Holdings, Inc. and the articles of incorporation list Davin Tran and Athan Prakas as corporate officers.

4. On information and belief, defendant Rhino Boca Raton LLC is a Florida limited liability company that operates under the name "Rhino Doughnuts" and has a place of business at 126 N. E. 2nd Street, Boca Raton, Florida 33432. Davin Tran of 5454 NW Court, Tamarac, Florida 33319 is the listed registered agent for Rhino Boca Raton LLC.

JURISDICTION AND VENUE

5. This is an action for trademark infringement and unfair competition under the trademark laws of the United States, 15 U.S.C. § 1 *et seq.*, and particularly 15 U.S.C §§1114 and 1125(a).

6. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

7. This Court has personal jurisdiction over Defendants by reason of their continuous and systematic contacts with the State of Florida, and as further alleged herein. On information and belief, Rhino Holdings, Inc. and Rhino Boca Raton LLC (collectively "Rhino Doughnuts" or "Defendants") are Florida corporate entities operating multiple restaurant locations under the name "Rhino Doughnuts and Coffee" in southern Florida and within this District.

8. Venue in the United States District Court for the Southern District of Florida is proper pursuant to 28 U.S.C. § 1391(b) and (c).

9. SRCW has suffered injury in Florida as a result of Rhino Doughnuts' infringement in that state, as alleged herein.

## PLAINTIFF'S BUSINESS

10. SRCW is a worldwide chain of upscale adult nightclubs with associated restaurant and bar services that operate in venues throughout the United States, United Kingdom and Australia. In Florida, a Spearmint Rhino Gentlemen's Club operates in Palm Beach County at 2154 Zip Code Place, West Palm Beach, Florida 33409, and in 2003 first opened its prior Ft. Lauderdale location.

11. SRCW's adult nightclubs with associated restaurant and bar services using the SPEARMINT RHINO mark are often referred to by the shortened name and mark "THE RHINO", and the "Rhino" name and mark are also used to designate SRCW's associated restaurant services and goods.

12. SRCW is the owner of several Federal Trademarks involving the "Rhino" name and symbol, and has been using the SPEARMINT RHINO mark for adult nightclub operations and for restaurant and bar services since 1992. Since that date, SRCW has developed a family of trademarks revolving around the "Rhino" name and imagery. SRCW's trademark registrations related to restaurant and bar services and goods include the following (collectively, the "RHINO marks"):

| MARK | REGISTRATION NO. | GOODS AND SERVICES | FIRST USE |
|---|---|---|---|
| SPEARMINT RHINO GENTLEMEN'S CLUBS | 2,712,739 | (IC 042) Restaurant and bar services; preparation and serving of food and drink.<br><br>*Additional Goods listed in IC 041, 009, and IC 025 | 10/15/1992 |
| SPEARMINT RHINO | 3,189,326 | (IC 043) Restaurant and bar services; preparation and | 10/15/1992 |

| | | | |
|---|---|---|---|
| | | serving of food and drink. | |
| SPEARMINT RHINO GENTLEMEN'S CLUBS | 3,196,409 | (IC 016) Paper goods, namely napkins. | 10/15/1992 |
| SPEARMINT RHINO | 3,196,410 | (IC 016) Paper goods, namely napkins. | 10/15/1992 |
| (rhino logo) | 3,189,324 | (IC 043) Restaurant and bar services; preparation and serving of food and drink. | 06/2001 |
| THE RHINO | 4,397,611 | (IC 043) Restaurant and bar services; preparation and serving of food and drink<br><br>*Additional Goods listed in IC 041 | 6/15/2012 |
| RHINO ROOM | 4,363,699 | (IC 043) Restaurant and bar services; preparation and serving of food and drink<br><br>*Additional Goods listed in IC 041 | 12/31/2001 |

Copies of the U.S. Trademark Registrations are attached as Exhibits A-G.

13. Pursuant to 15 U.S.C. §1065, the U.S. Trademark Registrations for several of the RHINO marks are incontestable, including Registration Nos. 2,712,739; 3,189,326; 3,196,409; 3,196,410; 3,189,324.

14. The registrations noted above constitute *prima facie* evidence of the protectability and of SRCW's exclusive right to use the RHINO marks throughout the United States.

15. SRCW's has an expansive presence in interstate commerce. SRCW has a location in Palm Beach County, Florida, and used to operate a location in Ft. Lauderdale, Florida. SRCW

also has locations in California, Idaho, Texas, Nevada, Kentucky, Iowa, Oregon, Wisconsin, and Minnesota, and also multiple locations in Australia and the United Kingdom.

16.     As a result, the RHINO marks represent substantial goodwill in the operations of SRCW in the United States and throughout the world.

17.     Accordingly, SRCW has made substantial efforts to establish and maintain significant consumer goodwill in the restaurant services industries offered under the RHINO marks throughout the United States.

18.     SRCW and its licensees have spent over $18 million in advertising and promoting the operations of its entertainment and restaurant services under the RHINO marks between 2006 and the present in a successful effort to establish brand awareness and goodwill in the RHINO trademarks.  SRCW's advertising and promoting has appeared in social media campaigns, print ads, billboard, flyers, key word search engine advertisements, and trade show appearances.

19.     The RHINO marks owned by SRCW are famous, and have been referenced and parodied in popular culture, including such popular television shows as The Tonight Show, Two and Half Men, South Park, The Girls Next Door, and Tosh.O on Comedy Central, TMZ, TMZ Live, Supernatural, The Inbetweeners, Top Gear, Spooks, Andy Richter Controls the Universe, and in the motion picture Matchstick Men and the video game Grand Theft Auto V.  Further, Hollywood production companies frequently film television shows at Spearmint Rhino club locations given their notoriety.

DEFENDANTS' BUSINESS

20. Rhino Doughnuts operates several restaurant locations under the name "Rhino Doughnuts and Coffee" in southern Florida and within this District, including at the following locations:

- 107 Commercial Boulevard, Lauderdale By The Sea, Florida 33308
- 126 N.E. 2nd Street, Boca Raton, Florida 33432 (Palm Beach County)
- 8085 West Oakland Park Boulevard, Sunrise, Florida 33351
- 12801 West Sunrise Boulevard, Sunrise, Florida 33323

21. On information and belief, Rhino Doughnuts has been operating one or more of its restaurant locations since at least May of 2014.

22. On information and belief, Rhino Doughnuts is owned and operated, at least in part, by Davin Tran.

23. On information and belief, Rhino Doughnuts is owned and operated, at least in part, by Athan Prakas.

24. On information and belief, prior to starting Rhino Doughnuts, Athan Prakas owned at least 28 restaurants and nightclubs in Ohio and South Florida, and has been the restaurant and nightclub business for over thirty years. Exhibit H annexed hereto provides biographical information from Athan Prakas' company website (Prakas & Co., www.prakascompany.com) regarding his ownership of nightclubs and expertise in the nightclub industry specific to South Florida, and also provides a news story from a third party about the founding of Rhino Doughnuts and on Prakas' prior engagement in the nightclub industry. The bio boasts that he modeled one of his first nightclubs in Columbus, Ohio after a nightclub in Fort Lauderdale (notably, this is where Spearmint Rhino operated a prior location), just as he is now

modeling his donut shop after the Spearmint Rhino brand using the Rhino marks, including the name and similar logo.

25. Rhino Doughnuts promote their business operations from a web domain at http://www.rhinodoughnuts.com/. A screenshot of the Rhino Doughnuts website is attached hereto as Exhibit I.

26. Rhino Doughnuts uses the following marks on its website, storefronts, promotional material, napkins, cups, menus, and other restaurant paraphernalia:

   and   

27. One of Rhino Doughnuts' marks prominently features the word "rhino" and incorporates a rhinoceros profile in a circle that is remarkably similar to the rhinoceros profile in several of the RHINO marks, the other mark only contains the rhinoceros profile inside of a circle without any accompanying words.

28. Rhino Doughnuts also often uses the "rhino" name apart from the descriptive text "Doughnuts and Coffee," such as is shown in the picture of the marquee at the entrance to one of their restaurant locations shown at Exhibit J.

29. All of the Rhino Doughnuts marks contain the same, unique four-pointed rhinoceros profile as is used in the incontestable and famous RHINO marks, albeit facing the opposite direction.

30. Rhino Holdings, Inc. is the owner of a Federal trademark registration for its infringing rhinoceros profile design mark, Reg. No. 4,832,483, which was registered at the USPTO on October 13, 2015.

31. Rhino Holdings, Inc. is the owner of a Federal trademark registration for its infringing "Rhino Doughnuts and Coffee" mark and design, Reg. No. 4,832,484, which was registered at the USPTO on October 13, 2015.

32. Defendants should not have applied to register its infringing name and marks in light of its knowledge of SRCW's RHINO marks, and is not entitled to any federal or state trademark registrations for these marks in light of the mark's infringement on SRCW's RHINO marks.

33. Defendants are not authorized by SRCW to use the RHINO marks or rhinoceros imagery.

34. On October 9, 2015 a representative of SRCW sent a letter addressed to Athan Prakas and Davin Tran of Rhino Boca Raton, LLC and Rhino Holdings, Inc. concerning its unauthorized and infringing use of the RHINO marks. That letter is annexed hereto as Exhibit K.

35. Niether Athan Prakas nor Davin Tran, nor any representative of those individuals or of Rhino Doughnuts, responded to the October 9, 2015 letter or took any action to cease the infringing activity.

COUNT I – FEDERAL TRADEMARK INFRINGEMENT

36. Plaintiff SRCW hereby incorporates paragraphs above as if fully set forth herein.

37. Beginning on a date prior to June of 2014, and before any date upon which Rhino Doughnuts can rely, SRCW used the RHINO marks in association with the marketing, promotion, and sale of its services, including, but not limited to restaurant and bar services and the preparation of serving food or drink.

38. SRCW is the owner of significant trademark rights in the "Rhino" name and RHINO marks in association with such services throughout the United States. As a result, the RHINO marks have become a valuable asset of SRCW and a symbol of Plaintiff's goodwill in the relevant industries.

39. As a result of years of use and exclusive offering of services under the RHINO marks, the "Rhino" name and the RHINO marks are a recognized by the general public and are associated in the minds of the public with SRCW and its clubs, restaurants, goods and services.

40. Rhino Doughnuts' conduct, including their unauthorized use of the RHINO marks for preparation and serving of food and drink, has infringed on SRCW's exclusive rights in the RHINO marks by creating, and continuing to create, a likelihood of confusion with Plaintiff's registered RHINO marks in violation of 15 U.S.C. §1114.

41. On information and belief, Rhino Doughnuts, including their founders Athan Prakas and Davin Tran, were aware of SRCW's business and its RHINO marks well before they engaged in the infringing activities and adopted the infringing Rhino mark, and they copied SRCW's rhinoceros profile with the intention of deceiving and misleading customers, the relevant industry, and the public at large or wrongfully trading on the goodwill and reputation of Plaintiff in violation of 15 U.S.C. §1114.

42. As a direct and proximate result of Rhino Doughnuts actions, SRCW has been irreparably harmed, including damage to its business and reputation, and will continue to be irreparably harmed unless and until Defendants cease use of the infringing mark.

COUNT II – FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION

43. Plaintiff SRCW hereby incorporates paragraphs above as if fully set forth herein.

44. Rhino Doughnuts' conduct, including its use of the "Rhino" name and rhinoceros profile imagery for restaurant and food and drink preparation services violates SRCW's exclusive trademark rights in its "Rhino" name and well-known rhinoceros imagery and creates a likelihood of confusion in violation of 15 U.S.C. § 1125(a).

45. Rhino Doughnuts' advertisement and sale of restaurant and food and drink preparation services through the www.rhinodoughnuts.com domain also violates SRCW's exclusive trademark rights in its "Rhino" name and well-known rhinoceros imagery and creates a likelihood of confusion in violation of 15 U.S.C. § 1125(a).

46. Rhino Doughnuts' use of confusingly similar name constitutes deception and palming off as being legitimately affiliated or connected with or otherwise sponsored or authorized by SRCW.  As a result, the public has been deceived and Defendants have received income and profits that, but for this deception, Rhino Doughnuts would not have received.  Such conduct constitutes unfair competition, false designation of origin and trademark infringement under the common law applicable in the State of Florida.

47. Defendants knew of SRCW's RHINO marks for the recited services, before Defendants own adoption and use of the "Rhino" name and infringing mark.

48. Rhino Doughnuts' use has deceived the public to enrich themselves at the consuming public's and SRCW's expense.

49. By reason of the foregoing, Defendants have willfully infringed and continue to willfully infringe on SRCW's common law rights in the "Rhino" name and marks.

50. As a result of Rhino Doughnuts' trademark misappropriation, false designation of origin, and unfair competitive actions, SRCW has suffered and is suffering irreparable harm to its extensive consumer goodwill that SRCW has worked for decades to develop and spent

millions of dollars for such unique recognition.  SRCW is without adequate remedy at law for this damage to consumer goodwill, and will continue to suffer damage until Defendants cease their infringing use of the "Rhino" name and marks.

COUNT III – TRADEMARK DILUTION UNDER<br>15 U.S.C. §1125(c) AND COMMON LAW TRADEMARK DILUTION

51. Plaintiff SRCW hereby incorporates by reference the above paragraphs as if fully set forth herein.

52. As a result of SRCW's extensive use of one or more of the RHINO marks since 1992, the number of SRCW locations across the continental United States, SRCW's significant investment in advertising, and the multitude of popular culture references and parodies of the mark in nationally-syndicated television shows, the RHINO marks are widely recognized by the general consuming public of the United States.

53. The RHINO marks became famous prior to Rhino Doughnuts adoption of the infringing mark in or around 2014.

54. A copy of the Wikipedia page for Spearmint Rhino on December 8, 2015 is annexed hereto as Exhibit L, which provides a listing of just some of the popular culture references to the RHINO marks, many of which occurred prior to 2014.

55. SRCW and its licensees spent over $18 million in advertising since 2006 in an effort to establish brand awareness and goodwill regarding its marks and name.

56. SRCW's advertising efforts are substantial and include billboard, print, flyer, and online advertising and trade show events.

57. SRCW expends considerable effort and money maintaining successful billboards, including a billboard in West Palm Beach, Florida continuously maintained for over seven years.

58. SRCW conducts, and has conducted for many years, targeted print marketing campaigns in magazines such as *L.A. Weekly*, *Excite Magazine*, and *Exotic Dancer Magazine* and many others to encourage brand-awareness of the RHINO marks with consumers.

59. Despite knowledge of SRCW's famous trademarks, Defendants have used and continue to use in commerce spurious and colorable imitations thereof in connection with the advertisement, promotion and sale of its restaurant services.

60. Defendants' actions as described herein have caused and continue to cause irreparable injury to, and a likelihood of dilution of the distinctive quality of the famous RHINO marks in violation of SRCW's rights under 15 U.S.C. §1125(c) and common law.

61. Defendants' wrongful use of SRCW's famous trademarks is likely to impair the distinctive nature of those marks and to tarnish the reputation built with the marks.

62. Defendants used and continue to use in commerce the SPEARMINT RHINO marks and/or closely similar marks willfully and with the intent to dilute the marks, and with the intent to trade on the reputation and goodwill of SRCW and the RHINO marks. Accordingly, this is an exceptional case within the meaning of 15 U.S.C. §117(a).

63. As a direct and proximate result of Defendants' conduct, SRCW has suffered irreparable harm to the valuable RHINO marks, and other damages in an amount to be proved at trial. Unless Defendants are enjoined, the valuable RHINO marks will continue to be irreparable harmed and are likely to be diluted.

64. SRCW has no adequate remedy that will compensate for the continued and irreparable harm that it will suffer if Defendants' actions are allowed to continue.

COUNT IV – TRADEMARK DILUTION UNDER FLORIDA STATUTES 495.151

65. Plaintiff SRCW hereby incorporates by reference the above paragraphs as if fully set forth herein.

66. SRCW's RHINO marks are famous within the State of Florida.

67. The RHINO marks have appeared in multiple pop culture references in nationally-syndicated media outlets that have reach in the State.

68. SRCW has operated a location in Palm Beach County, Florida since at least 2005 to present, and formerly operated a location in Ft. Lauderdale which opened in 2003.

69. SRCW has maintained a billboard in West Palm Beach, Florida for over seven years.

70. The RHINO marks are inherently distinctive marks, and also have acquired significant distinction and goodwill in the State of Florida via SRCW's use and advertisement of the marks and associated services throughout the State since at least 2003.

71. The RHINO marks have also been advertised in several online forums targeting consumers in the South Florida area, and further including advertising in the State of Florida, such as Facebook, Twitter, Instagram, and YouTube.

72. Unless Defendants are enjoined, the valuable RHINO marks will continue to be irreparable harmed and are likely to be diluted in the State of Florida.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff SRCW requests the following relief:

A. That the Court adjudge at least the following SRCW Federal Trademark Registrations willfully infringed by Rhino Doughnuts:

(1) U.S. Reg. No. 2712739;

      (2)    U.S. Reg. No. 3189326;

      (3)    U.S. Reg. No. 3196409;

      (4)    U.S. Reg. No. 3196410;

      (5)    U.S. Reg. No. 3189324;

      (6)    U.S. Reg. No. 4397611; and

      (7)    U.S. Reg. No. 4363699

B. That the Court adjudge that Defendants have unfairly competed with SRCW under 15 U.S.C. § 1125(a), by the confusingly similar use of the "Rhino" name and rhinoceros imagery.

C. That the Court adjudge that SRCW is the owner of a famous mark that is being diluted under 15 U.S.C. §1125(c).

D. That the Court adjudge that one or more of SRCW's RHINO marks is famous in the State of Florida, and that the famous mark(s) are being diluted under Florida State Law.

E. That Defendants, their officers, agents, servants, employees, and attorneys, successors and assigns, and all those in active concert or participation with any of them who receive actual notice of the order by personal service or otherwise, be enjoined from:

    (1)    Using any name, mark, trade dress, indication of source or other identifier that is similar in whole or in part to any of SRCW's RHINO marks, or its "Rhino" name or rhinoceros profile imagery;

    (2)    Doing any other act or thing likely to confuse, mislead, or deceive others into believing that Rhino Doughnuts, or their business or goods or services, emanate from or are connected with, sponsored by, or approved by SRCW.

(3) Aiding or abetting any other person in committing any of the acts prohibited by (1) and (2) above.

F. That Rhino Doughnuts be ordered to turn over to SRCW or destroy all products, restaurant paraphernalia, kits, labels, signs, prints, packages, containers, stationery, promotion materials, advertising and other items, whether in physical, electronic, or other form, bearing any name, mark, trade dress, indication of source or other identifier that is similar in whole or in part to SRCW's RHINO marks, including, but not limited to the "Rhino" name and rhinoceros imagery.

G. That the Court order the transfer of the www.rhinodoughnuts.com domain to SRCW.

H. That the Court order cancellation of any and all trademark registrations by Rhino Doughnuts to marks for restaurant services including the word "rhino" and/or rhinoceros imagery under 35 U.S.C. §1119, including U.S. Trademark Reg. Nos. 4,832,483 and 4,832,484, and certify the Order to the Director of the United States Patent and Trademark Office for appropriate entry upon the Office's records.

I. That SRCW be awarded all profits derived by Defendants by reason of their infringement of SRCW's trademark rights and unfair competition, and all other sums by which Defendants or their owners, members, or employees has been unjustly enriched.

J. That SRCW be awarded all damages incurred by reason of Defendants' trademark infringement of SRCW's rights, and Defendants' unfair competition.

K. That Defendants be required, in accordance with Section 34(a) of the U.S. Trademarks Act, 15 U.S.C. § 1116(a), to file with the Court, and serve upon SRCW, a report in

writing, under oath, setting forth in detail the manner and form in which Defendants have complied with the terms of any injunction entered by this Court.

      L.      That this case be deemed exceptional under 15 U.S.C. § 1117(a), and that SRCW be awarded increased damages.

      M.      That an assessment of costs and attorneys' fees for this action be made against Defendants.

      N.      That Plaintiff be granted such other and further relief as the Court may deem just and proper.

Plaintiff demands a jury trial.

Dated December 15, 2015.

                                                        Respectfully submitted,

                                                        /s/ Mark A. Goldstein
                                                       Florida Bar No.: 882186
                                                       markgoldsteinattorney@gmail.com
                                                       1380 NE Miami Gardens Drive, Suite 205
                                                       Miami, FL 33179
                                                       Telephone: 305-342-4839
                                                       Facsimile: 305-572-7070

*Of Counsel:*
Aaron T. Olejniczak
(Wisconsin Bar No.1034997)
aarono@andruslaw.com
Ryann H. Beck
(Wisconsin Bar No. 1079309)
rbeck@andruslaw.com
ANDRUS INTELLECTUAL PROPERTY LAW, LLP
100 East Wisconsin Avenue, #1100
Milwaukee, WI 53202
Telephone: 414-271-7590
Facsimile: 414-271-5770

Peter E. Garrell

(California Bar No.: 155177)
pgarrell@garrelllaw.com
GARRELL LAW, P.C.
1875 Tandem Way
Norco, CA  92860-3606
Telephone: 714-451-4148
Facsimile: 714 451 4148

*Attorneys for Plaintiff*